UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application of<br><br>ENDURANCE SPECIALITY INSURANCE LIMITED,<br><br>      Petitioner,<br><br>  v.<br><br>HORSESHOE RE LIMITED, on behalf of and for the benefit of its Separate Accounts HS0083 and HS0084,<br><br>      Respondent. | Case No. 23-cv-1831<br><br>(Removed from the Supreme Court of New York, New York County, Index No. 650832/2023) |

## HORSESHOE RE LIMITED'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(a), Respondent Horseshoe Re Limited, on behalf of and for the benefit of its Separate Accounts HS0083 and HS0084 ("Horseshoe"), by and through its counsel, hereby files this Notice of Removal ("Notice") seeking to remove this proceeding from the Supreme Court of the State of New York, New York County, where it is now pending under Index No. 650832/2023, to the United States District Court for the Southern District of New York. The proceeding is removable because it relates to an international arbitration governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, as adopted into United States Federal Law by 9 U.S.C. §§ 201, *et seq*. The District Court has original jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203 for two independent reasons: (i) the dispute arises in connection with two consolidated arbitrations, under two virtually identical reinsurance contracts, both of which provide for Bermuda arbitration subject to Bermuda procedural law and supervision by the Bermuda courts; and (ii) both parties to the petition sought to be removed are domiciled in Bermuda.

## Background

2. Petitioner Endurance Specialty Insurance Limited ("Endurance") initially demanded arbitration under the Parties' Contract No. XA200910M on February 2, 2022 and Respondent Horseshoe counter-demanded arbitration under Contract No. XA100911M on March 3, 2022. On May 30, 2022, the parties agreed to consolidate the two arbitrations.

3. The contracts provide for the Court of Arbitration of the International Chamber of Commerce International ("ICC Court") to appoint the third arbitrator in the event that the parties cannot do so by agreement. On June 29, 2022, after many weeks of deadlock, Respondent Horseshoe applied to the ICC Court for appointment of a third arbitrator. On October 10, 2022, having received substantial input from both parties, the ICC Court appointed Hon. Sir Bernard Eder (ret.), a retired English High Court judge.

4. On October 28, 2022, three weeks after the duly constituted tribunal asked the parties to submit their proposals for an initial procedural order, Endurance petitioned the ICC Court to remove Sir Bernard as Umpire for alleged bias. Horseshoe agreed to submit the challenge to the jurisdiction of the ICC Court. Subsequently, after multiple submissions by both Parties, the ICC Court announced its rejection of Endurance's petition on January 26, 2023. It released its reasons for that rejection on February 9, 2023. Thereafter, at Endurance's request and over Horseshoe's objection, the Tribunal agreed to delay the arbitration until May of 2023 while Endurance sought judicial review of the ICC Court's ruling on the claim of bias.

5. On February 13, 2023, Endurance filed its Petition in the Supreme Court of the State of New York, New York County to stay arbitration and remove Sir Bernard from the tribunal. Index No. 650832/2023 (the "Petition"). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Respondent are attached as **Exhibit A**. Respondent received notice of the Petition via email on February 14, 2023, attached as **Exhibit B**.

### This Court Has Original Jurisdiction over the Proceeding

6. As stated, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203. First, the proceeding relates to an international arbitration agreement subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The Convention governs any "nondomestic" arbitration. *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983). An arbitration is nondomestic if it is seated in or "made within the legal framework" of a foreign country. *Id.* Here, the contracts call for an arbitration seated in Bermuda, supervised by Bermuda courts, and administered according to the Bermuda Arbitration Act. Thus, it is a "nondomestic" arbitration governed by the Convention. *See id.*

7. The Convention also governs any arbitration agreement where at least one party is not a United States Citizen. 9 U.S.C. § 202. Here, neither party is a United States Citizen. Horseshoe are separate accounts created under a private Act of Bermuda of a company organized under the laws of Bermuda, with its principal place of business in Hamilton, Bermuda. Upon information and belief, Endurance is a corporation organized under the laws of Bermuda, with its principal place of business located in Pembroke, Bermuda. Petition ¶ 1.

### This Proceeding is Subject to Removal

8. Horseshoe has properly invoked this Court's removal jurisdiction under 9 U.S.C. § 205. That statute provides that the adverse party may remove a state court proceeding to the

district court if it "relates to an agreement" governed by the Convention. As shown, this is such a case.

### This Notice of Removal is Timely Filed in the Proper Venue

9. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b)(1), because this Notice is filed within thirty days of February 14, 2023, at which time Horseshoe received notice of the Petition. *See also* 9 U.S.C. § 205 (removal is permissible "at any time before the trial").

10. The United States District Court for the Southern District of New York is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a), because it is the federal district court that embraces the place where the original action was filed and is pending. 28 U.S.C. § 112(b).

### Notice of Removal filed in the Supreme Court of the State of New York, New York County

11. Concurrently with this filing, Horseshoe will file a copy of this Notice with the Supreme Court of the State of New York, New York County.

**WHEREFORE,** Horseshoe files this Notice of Removal and removes the civil action to the United States District Court for the Southern District of New York.

Dated: New York, New York
March 2, 2023

Respectfully Submitted,

/s/ Peter Chaffetz
Peter Chaffetz
Steven C. Schwartz

C H A F F E T Z   L I N D S E Y   L L P
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax (212) 257-6950
peter.chaffetz@chaffetzlindsey.com
steven.schwartz@chaffetzlindsey.com

*Attorneys for Horseshoe Re Limited, on behalf of and for the benefit of its Separate Accounts HS0083 and HS0084*